UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LOCAL 338, RWDSU,

                            Plaintiff,        07-CV-2824
                                           (LBS)(GWG)

    - against -

FOODTOWN/PSK SUPERMARKETS, INC.,

                            Defendant.
---------------------------------------------------------------X

## COMPLAINT

Plaintiff Local 338, RWDSU ("Local 338"), by its attorneys, Friedman & Wolf, alleges the following as and for its complaint:

## JURISDICTION

1. This is an action brought under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to enforce a labor arbitration award, made pursuant to a collective bargaining agreement entered into between Local 338 and Defendant Foodtown/PSK Supermarkets, Inc. ("PSK"). Subject matter jurisdiction is invoked pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.

## VENUE

2. This court is one of proper venue pursuant to LMRA §§ 301(a), (c), 29 U.S.C. §§ 185(a), (c), because the duly authorized officers and agents of Plaintiff are engaged in representing or acting for employee members in this District. Defendant also has its principal place of business in this District.

## PARTIES

3. Local 338 is a labor organization within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a). Local 338 represents, for the purposes of collective bargaining, persons employed, inter alia, in the retail supermarket, dairy and health care industries in New York and New Jersey. Local 338's principal office is located at 97-45 Queens Boulevard, Rego Park, New York.

4. PSK employs employees represented by Local 338 in the retail supermarket industry, which is an industry affecting commerce, and is an employer within the meaning of Section 301(a) of the LMRA, 29 U.S.C.A. § 185(a). PSK's principal office is located at 444 South Fulton Avenue, Mount Vernon, New York 10553.

## PSK'S FAILURE TO COMPLY WITH THE COLLECTIVE BARGAINING AGREEMENT

5. For all material times herein, PSK has been bound by a series of collective bargaining agreements between Local 338 and PSK, the most recent of which has been effective from August 8, 2002 (the "Agreement").

6. Article XX(C) of the Agreement provides for final and binding arbitration as the means for resolving disputes between the parties.

7. Article XX(C) permits either party to resort to the courts to enforce an arbitration award.

8. Article IX of the Agreement states that:

> "A.   Prior notice shall be given to the Union for all temporary and permanent transfers between stores. If an employee is permanently transferred by the Company to another covered store, his classification seniority

shall be dovetailed at the new store. In the event the employee changes Union jurisdictions, his seniority and union membership must be agreed to by both local unions or such transfer shall not be made.

    B. Employees temporarily transferred to Summer points shall be transferred back to their respective stores as soon as possible after Labor Day unless mutually agreed upon between the Company and the employee and notice given to the Union.

    C. Those employees who are transferred more than ten (10) miles from their assigned store in cases of Permanent/ Temporary transfers shall received three dollars ($3.00) per day travel pay.

    D. Tolls paid in the case of temporary transfers shall be reimbursed regardless of mileage."

  9. In accordance with the Agreement, on or about February 16, 2006, Local 338 submitted to arbitration, <u>inter alia</u>, the issue of whether PSK's transfer of bargaining unit employees to the non-union Ralph Avenue store was improper, and if so, what the remedy should be.

  10. On December 12, 2006, Arbitrator Joel M. Weisblatt of the Federal Mediation and Conciliation Service heard Local 338's grievance.

  11. On January 19, 2007, Arbitrator Weisblatt issued his decision (the "Award").

  12. The Award granted Local 338's grievance with respect to PSK's violation of the Agreement by "improperly plac[ing] bargaining unit members, while still in the

Company's employ, outside the contractual terms and conditions of employment, violating the employees [sic] right to those terms." Award at 11.

13. The Award directed PSK to "allow those employees who wish to return to the stores from which they were improperly transferred the opportunity to return to their former positions," and to "make whole all the employees improperly transferred, including any and all contractual benefits not received, for example, travel pay and fund contributions."

14. The Award further directed PSK to "provide the Union with a list of those employees transferred from stores covered by the collective bargaining unit to the Ralph Avenue store."

15. Pursuant to the Award, on January 29, 2007, Local 338 sent PSK a written demand for a list of employees transferred to the Ralph Avenue store. PSK has never produced such a list.

16. PSK has failed and refused to comply with the Award. In particular, PSK has refused to provide Local 338 with the list of employees as required by the Award, and Local 338 cannot verify whether PSK has provided all contractual benefits not received by the improperly transferred employees as ordered by the Arbitrator.

17. PSK's failure to comply with the Agreement has damaged Local 338 by, inter alia, depriving its members of bargaining unit status and of their concomitant contractual benefits in violation of the Agreement and depriving Local 338 of the information it requires to ensure compliance with the Award.

18. Arbitrator Weisblatt's Award draws its essence from the Agreement between the parties, and the Arbitrator acted within his authority in fashioning the Award.

WHEREFORE, Local 338 requests entry of Judgment against PSK, as follows:

      1.      Confirming and enforcing the Award of Arbitrator Joel M. Weisblatt, dated January 19, 2007;

      2.      An Order enjoining PSK to produce the list of employees transferred to

      3.      Awarding Local 338, on behalf of its members, any and all damages caused by PSK's failure to comply with the Award;

      4.      Granting Local 338 the attorneys' fees and costs it has incurred, and will incur, in connection with this action; and

      5.      Awarding Local 338 such other and further equitable relief as this Court deems just and proper.

Dated: April 5, 2007
       New York, New York

                FRIEDMAN & WOLF

            By: _____
                Elise S. Feldman, Esq. (EF-5273)

                1500 Broadway, Suite 2300
                New York, New York 10036
                (212) 354-4500

                Attorneys for Plaintiff