FEDERAL MEDIATION AND CONCILIATION SERVICE

```
- - - - - - - - - - - - - - - - *
                                *
In the Matter of the Arbitration   *
                                *
        between                 *   DECISION
                                *   AND AWARD
                                *
PSK SUPERMARKETS, INC.          *
                                *
                                *
        -and-                   *
                                *   Case No.
                                *   06-02194
RWDSU/UFCW LOCAL 338            *   (transfer of
                                *    employees)
                                *
- - - - - - - - - - - - - - - - *
```

Before:  Joel M. Weisblatt, Arbitrator


Appearances:
        For the Company
        Fox, Rothschild
        By: Steven S. Glassman, Esquire

        For the Union
        Friedman & Wolf
        By: William Anspach, Esquire
            Elise S. Feldman, Esquire

2

# D E C I S I O N

PSK Supermarkets Inc. (the "Company" or the "Employer") and RWDSU/UFCW Local 338 (the "Union") are parties to a collective bargaining agreement. Consistent with the terms of that contract, and pursuant to the Rules of the Federal Mediation and Conciliation Service, the undersigned Arbitrator was duly appointed to serve in this matter.

An evidentiary hearing was held on December 12, 2006. Both parties were afforded an opportunity to argue orally, present documentary evidence, and examine and cross-examine witnesses. The parties mutually agreed to frame the issue submitted to the Arbitrator for determination as follows:

Did the Employer improperly transfer bargaining unit employees to the non-union Ralph Avenue store?

If so, what shall be the remedy?

3

## Positions of the Parties

### Position of the Union

The Union contends that the Employer improperly transferred bargaining unit employees to a non-union store located at Ralph Avenue.  It relies upon a prior arbitration award involving the same employer and union, asserting that the previously ruling dealt with the same situation presented in the dispute herein.

The Union asserts that prior arbitration award, issued June 12, 2006, finds that the Company's right to transfer employees to another store is limited to stores covered by the collective bargaining agreement. It seeks to have the same finding of a contractual violation applied to the transfer of employees at issue herein.  The Union argues that to allow the transfer of employees outside the bargaining unit makes no sense and creates an absurd result.

4

The Union stresses the fact that the employees were red-circled employees under the collective bargaining agreement and that they were entitled to special contract protection. It points out that the transfer negated that special contractual treatment by sending the employees to a non-union store.

The Union seeks an order providing a remedy to all the employees transferred to the Ralph Avenue store. It notes that it did not receive the requisite notice set forth in the contract of the transfer of the employees, making it impossible to identify all affected members. It maintains that the remedy should allow those employees who wish to return to their original store to do so. It further seeks a make whole remedy including contractual benefits for the transferred employees and it also seeks an order enjoining the Employer from future transfers to non-union stores.

5

## Position of the Company

The Company contends that it did not improperly transfer employees to the Ralph Avenue store. It maintains that the transfer provision in the contract does not expressly prohibit transfers outside the bargaining unit. The Employer further asserts that its right to transfer employees is contained in the management rights clause and that that right is limited only by explicit contract language.

The Company acknowledges the existence of the prior arbitration award but it argues that "Arbitrator Adelman got it wrong." It insists that the prior award is not binding on this dispute which can be decided independently. The Employer suggests that if the decision in this proceeding were to follow that of Arbitrator Adelman, it would also be in contravention of the contractual authority provided.

The Employer, without any admission of wrongdoing, further claims that should any remedy be applied herein that it should be limited top the five employees

6

identified by the Union.  Additionally, in insists that there is no basis for injunctive relief.

The Company concludes that it did not improperly transfer employees to the Ralph Avenue store.  It seeks to have the grievance presented herein denied in its entirety.

7

## Discussion and Analysis

The essential facts of the dispute at hand are uncontroverted.  The Employer and the Union are parties to a collective bargaining agreement [Exhibit J-1] covering a multi-employer bargaining unit.  The covered companies are retail supermarkets and are members of the Independent Supermarket Operators of Greater New York, Inc. ("ISOGNY").  The contract between ISOGNY and the Union includes an amendment which provides certain employees, identified in an attachment to the contract, with retained higher benefits.  These red-circled employees retain prior existing superior benefits under the specifications set forth in amendment.

Certain employees covered by the contract were transferred by the Company to its Ralph Avenue store, a store that is not covered by the ISOGNY bargaining unit [see Exhibit U-1].  The Union identified five specific members that were transferred to the Ralph Avenue store.  It provided testimony establishing that these

8

were all red-circled employees.  The Union did not
receive the prior notice of the transfers, set forth in
Article IX, Section A., of the contract.  The Company
established that the Union did not grieve the failure
to provide the contractual prior notice.  The Union
also provided testimony that it was denied adequate
access to determine on its own which employees were now
working at Ralph Avenue.

On June 12, 2006, Arbitrator Richard Adelman
issued an arbitration award to determine the following
issue [in relevant part]:

> [D]id the Company violate the collective
> bargaining agreement by transferring 19
> red-circled employees to a new P.S.K. store
> located in the Bedford-Stuyvesant section of
> Brooklyn?  If so what shall be the remedy?

The facts presented to Arbitrator Adelman were similar
to those in the case at hand in that the red-circled
employees were transferred to a store which was not in
the bargaining unit.  The Union sought a determination
that such a transfer was in violation of the collective
bargaining agreement.

9

Arbitrator Adelman, while noting the Company's argument that the contract contained no explicit limitation to transfers, found, nonetheless that:

> [T]he Company's right to transfer employees from one store to another under the Management Rights clause is confined to the transfer of employees between stores covered by the Agreement. This clause does not permit the Company to transfer employees to stores outside the unit of stores covered by the ISOGNY Agreement because this would deprive unit employees of the rights and benefits of the Agreement.

In the prior arbitration, the Union did not seek to have employees returned to their original stores. It simply sought to have them receive the proper travel pay and fund contributions provided for under the collective bargaining agreement. Arbitrator Adelman found a contract violation and ordered the remedy sought by the Union.

The Company is quite correct that the decision in the prior arbitration is not binding upon the determination in the case at hand. The prior arbitration award is not precedent but it is, at the very least, instructive and persuasive as to the proper determination of the very same issue, with a virtually

10

identical fact pattern, as presented herein.  There is a great benefit to the parties to have consistency in the interpretation of the contract, this provides predictability and works against the constant relitigation of the same issues.  However, a prior award that does not reflect the terms or intent of the contract must be distinguished and a new application would then be appropriate.  The Company is correct that an award that is simply wrong should not be followed.

The Arbitrator herein has given very careful consideration to the Company's argument that the prior arbitration award was wrong.  That argument is not persuasive.  Arbitrator Adelman based his determination on a reasonable interpretation of the terms of the agreement.  He found that the right to transfer employees, under the Management Rights clause must be read in the context of the bargaining unit and the Recognition clause.  Arbitrator Adelman drew his conclusions directly from the agreement and reached a particularly reasonable result.  Indeed, the Union correctly points out, as Arbitrator Adelman held, that

to allow transfers outside the covered bargaining unit would be an absurd and improper result.

The rationale set forth in Arbitrator Adelman's award is equally applicable to the dispute at hand. The transfer of the bargaining unit employees to the non-union Ralph Avenue store was in violation of the collective bargaining agreement. It improperly placed bargaining unit members, while still in the Company's employ, outside the contractual terms and conditions of employment, violating the employees rights to those terms.

The appropriate remedy for the contract violation proved includes an order to allow those employees who wish to return to the stores from which they were improperly transferred, the opportunity to return to their former positions. The remedy must also provide a make whole remedy for the employees improperly transferred, including any and all contractual benefits not received, for example, travel pay and fund contributions. The remedy should be applied to all the

12

employees improperly transferred from stores covered by
the collective bargaining agreement to the Ralph Avenue
store.  The Company shall provide the Union with a list
of those employees transferred from stores covered by
the collective bargaining unit to the Ralph Avenue
store.  This element of the remedy is a necessary
component to provide proper relief because the record
reveals that the Union may have been denied the ability
to know of all the employees affected.  The Arbitrator
declines to provide injunctive relief.  The relief
provided in the award herein is fully adequate to
remedy the contract violation proved by the record.

13

# A W A R D

For the foregoing reasons IT IS HEREBY ORDERED that the Employer shall allow those employees who wish to return to the stores from which they were improperly transferred the opportunity to return to their former positions.  IT IS FURTHER ORDERED that the Employer shall make whole all the employees improperly transferred, including any and all contractual benefits not received, for example, travel pay and fund contributions.  The Company shall provide the Union with a list of those employees transferred from stores covered by the collective bargaining unit to the Ralph Avenue store.

Dated:   January 19, 2007          _____
         Skillman, N.J.            Joel M. Weisblatt
                                   Arbitrator


On this 19th day of January, 2007, before me personally came and appeared Joel M. Weisblatt, to me known and known to me to be the individual described in and who executed the foregoing instrument and he acknowledged to me that he executed the same.

                                   _____
                                        Attorney-at-law